# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Simar | Civil Action 15-01950 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Tetra Technologies Inc, et al | By Consent of the Parties |

## MEMORANDUM RULING

Before the Court is a Motion For Entry of Final Judgment [Rec. Doc. 91] filed by CB&I Offshore Services, Inc. ("CB&I") [Rec. Doc. 91]. For the reasons set forth below, CB&I's motion is **DENIED**.

*Background*

On August 26, 2017, the Court granted CB&I's motion for summary judgment finding that CB&I's obligations to defend and indemnity provisions of the Master Service Agreement between CB&I and Tetra Technologies, Inc. and Maritech Resources, LLC are voided pursuant to Louisiana's Oilfield Indemnity Act, La. Rev. Stat § 9:2780(B).

*Discussion*

CB&I moves pursuant to Rule 54(b), requesting the Court certify as a final judgment the Court's Ruling and Order granting summary judgment in favor of CB&I and finding CB&I has no duty to defend under the Master Service Agreement.

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Thus, Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more but fewer than all of the claims ... *only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.*" *Id.* (emphasis added). The propriety of a Rule 54(b) certification is reviewable by the Fifth Circuit for abuse of discretion. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.* The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' ...." be entered routinely as a courtesy to counsel. *Id*.

After weighing the appropriate factors, the Court finds certification is inappropriate in this case. Certifying the Court's order as a final judgment carries a significant risk of piecemeal review. A bench trial is set for June 26, 2018. *R. 78.* A delay of a few months, while inconvenient to CB&I, does not indicate that this is the sort of "infrequent harsh case" that Rule 54(b) was designed to address. *Jasmin v.*

*Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). Thus, CB&I fails to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."

For the foregoing reasons, the Motion For Entry of Final Judgment filed by CB&I Offshore Services, Inc. [Rec. Doc. 91] is **DENIED**.

**THUS DONE AND SIGNED** this 30th day of November, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**